UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES EWALD

    Plaintiff,

v.

WEST ASSET MANAGEMENT, INC.,

    Defendant.

Case No. 05-C-1320

Honorable Charles N. Clevert, Jr.

**ORDER APPROVING CLASS ACTION SETTLEMENT AND ATTORNEYS' FEES TO CLASS COUNSEL, AND FOR ENTRY OF FINAL JUDGMENT**

This case has come before the Court for final approval of the Class Action Settlement Agreement, for approval of attorneys' fees to class counsel, and for judgment of dismissal of this action with prejudice pursuant to the terms of the Class Action Settlement Agreement, due notice to the Class having been given pursuant to the Court's order of June 25, 2007.

The parties appeared through their respective attorneys of record and announced ready to proceed, and the Court conducted a final fairness hearing on the proposed class settlement as contemplated by Fed. R. Civ. P. 23.

THE COURT HEREBY FINDS THAT:

    1.    The parties entered into a Class Action Settlement Agreement ("Settlement Agreement") dated as of December 20, 2006.

1

2. Within ten days of filing the proposed settlement with the Clerk of the Court, Defendant complied with the requirements of 28 U.S.C. § 1715.

3. By Order dated June 25, 2007, the Settlement Agreement was preliminarily approved by the Court, pursuant to Fed. R. Civ. P. 23, and this Court certified the settlement class, consisting of: all individuals in the State of Wisconsin who, during the period from December 20, 2004 through December 20, 2006 ("Class Period"):

a. were sent a collection letter by West asserting a debt owed to "CAPITAL ONE - KMART";

b. seeking to collect a debt for personal, family or household purposes;

c. whose letter was not returned as undeliverable by the Postal Service.

However, the Settlement Class excludes any consumer who would meet the class definition but who has already settled an FDCPA claim against Defendant since the start of the Class Period.

4. The Complaint in this action alleges that Defendant violated the Fair Debt Collection Practices Act. Defendant denies Plaintiff's allegations and asserts, *inter alia*, that its conduct was not in violation of the Act. The settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

5. On June 25, 2007, after consideration of the evidence, the papers filed in the above-referenced cause and the argument of counsel,

the Court made a preliminary determination that: (i) the proposed settlement class was potentially certifiable under Fed. R. Civ. P. 23(b)(3); and (ii) the proposed settlement of the claims of the class against Defendant appeared to be fair, adequate, and reasonable, and therefore, within the range of approval.

6. The Notice that was approved by the Court and mailed to the members of the Class gave fair, adequate, and reasonable notice to the members of the Class of the nature of this action, the potential liability of Defendant, Defendant's defenses, the terms of the settlement, the proposed payment to the Class, the proposed payment to the Class Representative, the proposed payment to Class Counsel, the method by which they could claim in, the method by which they could opt out, and the method by which they could object to the Settlement.

7. As to any Class Members who are or were involved in bankruptcy proceedings, whose FDCPA claims against defendant might otherwise be considered property of the estates as that term is defined by 11 U.S.C. § 541(a), it appears to the Court that the potential recovery on said claims as well as the disputed nature of same would have resulted in the abandonment of same. Hence, the Court concludes that the Class Members are the proper parties for notice under this order.

8. Pursuant to the provisions of the Settlement Agreement and the preliminary approval order, the Class Notice was mailed by Defendant to all 96 members of the Settlement Class.

9. No objections were received, and no members of the Settlement Class sought leave of this Court to intervene.

10. No members of the class elected to opt out of this action.

11. The procedures set forth in the Settlement Agreement and the preliminary approval order for opting out or objecting are fair, adequate, and reasonable.

12. The proposed settlement is fair, reasonable, and adequate and meets the requirements of Fed. R. Civ. P. 23.

13. The Settlement Agreement calls for Defendant to pay $75.00 to each member of the Class who has submitted a proof of claim form.

14. The Court finds that Plaintiff has secured such payment for the benefit of the Class, and that he should be compensated for his service to the class by payment to him in the amount of $1,000.00 (that being the maximum amount of plaintiff's individual claims). Such payment will be made by Defendant in addition to the payments to the class members.

15. The Court finds that Class Counsel have secured such payments for the benefit of the Class, and that they should be compensated for their reasonable and necessary attorneys' fees and

4

expenses in this case in the amount of $16,500.00, which is to be paid by Defendant in addition to the payments to Plaintiff and the Class.

16. Any portion of the class settlement fund that is unclaimed by the Class, because the settlement check was returned as undeliverable or without a forwarding address, or because the check remains uncashed 120 days after distribution, or any funds otherwise remaining after the distribution was calculated, shall be paid to Milwaukee Legal Aid Society as a *cy pres* remedy.

17. The Court finds these amounts to be fair, adequate and reasonable for the following reasons, among others, (1) the individual Plaintiff and the Class are receiving, and Defendant is paying, an adequate amount of statutory damages in light of the statutory limitations on liability and the nature of the alleged violations; (2) there has been no admission of wrongdoing, and Defendant has not been found to have acted unlawfully; (3) furthermore, the complete lack of any objections or exclusions of class members is further evidence of the fairness, reasonableness, and adequacy of the settlement; (4) finally, the fact that the conduct complained of was not likely to have caused any actual damages to any of the Class Members is further evidence of the fairness, reasonableness, and adequacy of the settlement.

18. The Court finds the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of

the Settlement Agreement are fair, reasonable and adequate to Plaintiff and all members of the Class. In addition to the other facts stated herein, the Court finds the Settlement Agreement to be particularly fair, adequate and reasonable in light of the risk of establishing liability and the expense of further litigation.

19. Within thirty (30) days after a judgment by the Court approving the Settlement becomes final, checks representing the distribution described above will be sent by Defendant (or, at Defendant's sole discretion, their designated claims administrator) to those class members entitled to a distribution under the terms of the Settlement.

20. Payment by the Defendant of the fees and costs to Class Counsel as set forth above is hereby approved as such fees are reasonable in this case.

**IT IS THEREFORE, ORDERED THAT:**

    i. The Settlement Agreement dated December 20, 2006, is hereby approved.

    ii. For Charles Ewald and his heirs, executors, administrators, successors, and assigns, the Court hereby releases, acquits, and forever discharges West Asset Management, Inc., and all of its principals, partners, officers, directors, shareholders, managers, employees, successors, and insurance carriers, from any and all claims, actions, causes of

6

action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever that Charles Ewald may have against them as of the date of this order, it being the Court's intent to release all claims of any kind or nature, known or unknown, arising pursuant to contract, tort, common law, or regulation, that Charles Ewald may have against the parties herein released.

 iii. For the Class, and the Class Members' respective heirs, executors, administrators, successors, and assigns, the Court hereby releases, acquits, and forever discharges West Asset Management, Inc., and all of its principals, partners, officers, directors, shareholders, managers, employees, successors, and insurance carriers, from any and all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever, which now exist relating to or arising out of the alleged violations of the FDCPA specified in the complaint.

 iv. This order expressly does not release any claims or defenses relating to the underlying debts of Plaintiff or the Class.

 v. Plaintiff and the Class are forever barred and enjoined from instituting or further prosecuting, in any forum

7

whatsoever, including but not limited to, any State, Federal, or Foreign Court or arbitration forum, against the parties released above, any causes of action, suits, claims or demands, whatsoever, in law or in equity, known or unknown at this time, which Plaintiff and the Class now have, ever had, or hereafter may have against Defendant, arising out of or relating to the released claims. Defendant hereby agrees that it shall be barred identically from pursuing any claims for relief under 15 U.S.C. § 1692k(a)(3) against Plaintiff or against any member of the Class arising out of the filing of this action.

    vi. The underlying debts, which Defendant was attempting to collect, via the letters at issue, are in no way affected by this judgment and nothing contained herein or in the Settlement Agreement shall prevent Defendant or its successors in interest from continuing to attempt to collect the debts allegedly owed by the Plaintiff or the Class Members.

    vii. Defendant shall distribute the settlement funds as described above.

    viii. This Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

    ix. All claims for contribution, indemnification or reimbursement, however denominated, against Defendant

8

arising under state or federal law, including those based in tort, contract or statute or any other body of law, in favor of persons, including any non-released persons who are asserted to be or who may be joint tortfeasors or wrongdoers with Defendant are hereby extinguished, discharged, satisfied, barred, and enjoined.

x. Subject to the relief granted in this order, this action is hereby dismissed with prejudice, with the parties each to bear their own costs.

xi. This order resolves all claims against all parties in this action and pursuant to Rule 54 of the Federal Rules of Civil Procedure, the Court directs that this order be entered as a final judgment. The Clerk is directed to close this case.

Signed this 26th day of October, 2007.

s/ C. N. CLEVERT, JR.
_____
Honorable Charles N. Clevert, Jr.
United States District Judge

9